IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Maribel Vadez, ) | |
| ) | Case No. 22-cv-5916 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Jury Demanded |
| Jel-Sert, Inc., ) | |
| ) | |
| ) | |
| Defendants. | |

## COMPLAINT

## INTRODUCTION

1. Plaintiff, Maribel Valdez brings this lawsuit to redress retaliation due to her complaining of sexual harassment and discrimination against her because of her age. retaliation due to her disability and her participation in protected union activity.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); and over her Age Discrimination Employment Act claims under 28 U.S.C.§1331 and 29 U.S.C. § 626(c).

3. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district

## THE PARTIES

4. Plaintiff, Maribel Valdez was employed by Defendant Jel-Sert, Inc., beginning in February 1996 until her retaliatory and discriminatory discharge on September 18, 2020.

5. Defendant, The Jel Sert Company (Jel Sert), is an Illinois based corporation located at 501 Conde Street West Chicago IL 60185 which produces an number of food products.

## FACTUAL BACKGROUND

6. Defendant first hired Plaintiff, Maribel Valdez, in February of 11996 as a packer.

7. In 2003, Defendant promoted her to the position of Machine Operator, a Union-covered position. Gloria Huerta ("Huerta") supervised Ms. Valdez, who previously complained about Huerta.

8. Plaintiff interacted with Huerta on a daily basis in the workplace, and that they did not associate outside of work.

9. Huerta transferred Plaintiff from one piece of machinery to another one which she had never operated before. Plaintiff's entire machine operator experience had been on one machine which she had worked at for 17 years. Plaintiff never received or saw any anti-discrimination or anti retaliation policies while employed at Plaintiff.

10. Plaintiff was working on this new machine, when Manager Javier Melendez yelled at her on July 24, 2020, to "fix her own machine", which she could not do because the machine was still new to her.

11. Plaintiff complained about this mistreatment and about previous instances of sexual harassment on July 24, 2020.

12. She reported to Leticia Escobedo (Jel Sert HR Coordinator) that a manager, Javier Melendez, had been "rude" to her and yelled at her about fixing her own machine.

13. Plaintiff explained to Escobedo that Melendez had previously made "inappropriate" comments to her at which Escobedo remarked, "You have been sexually harassed this whole time!"

14. At the time the comments occurred, Plaintiff did not report being sexually harassed by Melendez, because she did not realize in 2019 that she could complain that such comments constituted sexual harassment.

15. Plaintiff had a follow-up meeting several days later, and spoke with Valente Hernandez ("Hernandez") then Department Manager, and Agustin Gonzalez ("Gonzalez") Senior Manager, Plant Human Resources. Plaintiff informed the two that Melendez had been rude and had yelled at her on July 24, 2020 and that Melendez, a manager, previously made "vulgar" comments to her.

16. Hernandez and Gonzalez did not ask for details about what was said on either occasion.

17. In that meeting, Plaintiff gave them the names of witnesses to the incident with Melendez. Hernandez and Gonzalez later claimed that the witness accounts did not support her allegations.

18. Gonzalez discharged Plaintiff on September 18, 2020.

19. The pretextual reason Gonzalez gave was that Plaintiff had allegedly "attempted to pressure" an unnamed co-worker to lie on her behalf against Melendez.

20. This wholly unsubstantiated allegation is practically a tacit admission that Defendant fired Ms. Valdez because she had complained about discrimination.

21. Instead of investigating her allegations, Defendant turned the tables on Plaintiff and used the fact of her complaint and supplying information including the names of

witnesses as the basis for investigating and ultimately terminating Plaintiff because she had the temerity to complain about her mistreatment and harassment by Melendez.

22. Gonzalez did not tell Ms. Valdez which employee Ms. Valdez allegedly pressured, nor how she allegedly "attempted to pressure" a fellow employee.

23. Ms. Valdez requested and reviewed her personnel file and could find no documents related to her termination, alleged accusations against her for pressuring fellow employees or any investigation.

24. Ms. Valdez was also subject to harassment and discrimination on the basis of age.

25. When Plaintiff asked Huerta why she was being transferred since she did a good job operating the previous machine, Huerta gave her no reason and subjected Ms. Valdez to harassment due to her age.

26. On three separate occasions between August 2020 and September 2020, Plaintiff told Huerta that the new machine she was assigned to was "too much technology" for her, asked why she could not operate the machine she had operated for years, and that she required more training.

27. Huerta replied to Plaintiff that she understood that Plaintiff "was old, and that maybe because of her age, she was unable to perform her job the way she should."

28. Huerta did not provide more training. Nor, did she give a reason for making Ms. Valdez operate a machine she wasn't trained to operate, when Ms. Valdez asked why she had been moved from the machine she formerly operated which was still in use as much as before.

29. Huerta did not move Plaintiff back to her previous machine despite being asked to do so and did not provide adequate training to Ms. Valdez on the new machine she was moved to.

4

30. Huerta not only harassed and discriminated against Ms. Valdez due to her age, but also retaliated against Ms. Valdez because she complained of sexual harassment by Melendez on July 24, 2020.

31. On July 25, 2020, Plaintiff approached Huerta as who was sitting at a table with Melendez.

32. Plaintiff informed Huerta that she had made a sexual harassment complaint against Melendez the day prior.

33. Huerta said that she was aware of the complaint, and that she would investigate. It was after this that, Huerta began making the disparaging age-related comments to Ms. Valdez.

34. Huerta and Melendez were friendly and interacted often.

35. Jel Sert failed to act on Plaintiff's previous complaints about Huerta, and believed it futile to make any new complaints about her.

36. Plaintiff believes she was harassed because of and terminated due to her age.

37. Plaintiff received a Notice of Right to Sue on August 1, 2022 and has attached a copy of the letter as Exhibit A.

## COUNT I
## Title VII -42 U.S.C. §2000e–3(a).
## Retaliation for Engaging in protected activity

38. Plaintiff re-alleges and incorporates here, by reference, the allegations set forth in paragraphs 1-37.

39. Title VII contains anti-retaliation provisions make it unlawful for an employer to discriminate against employees because they have opposed any discriminatory

employment practice, or because they made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing.

40. Defendant Jel Sert was well aware of Ms. Valdez's complaints of harassment against Melendez and instead of taking these seriously, used the fact of her complaints to investigate and accuse her of untrue and undisclosed conduct.

41. Plaintiff was terminated because she reported harassment by Supervisor Javier Melendez.

42. Wherefore, Plaintiff, respectfully requests that the Court enter a judgment against Defendant as follows:

A. Ordering Defendant to reinstate Ms. Valdez to her position with full salary and benefits;

B. Awarding any actual monetary losses sustained by the Plaintiff as a direct result of the violations including past and future wages and benefits;

C. Awarding any interest on the amount described in the items listed above;

D. Finding that Defendant has discriminated and retaliated against Ms. Valdez due to her engaging in protected activity – namely complaining of sexual harassment by her supervisor Javier Melendez;

E. Awarding compensatory damages for subjecting Plaintiff to humiliating and unwarranted treatment ;

F. Awarding attorney's fees pursuant to 42. U.S.C. Section 1988;

G. Awarding costs incurred in filing and prosecuting this action; and

H. Providing such additional relief as this Court deems appropriate and just.

### COUNT II
### ADEA– 29 U.S.C. § 623
### AGE DISCRIMINATION

43. Plaintiff re-alleges and incorporates here, by reference, the allegations set forth in paragraphs 1-42.

6

44. Ms. Valdez has identified multiple statements made by her supervisor Gloria Huerta about her age and alleged inability to do her job.

45. But Huerta created a situation for Plaintiff by removing her as the operator of a machine that she had operated without incident for 17 years for no reason other than to subject Ms. Valdez to discriminatory treatment.

46. By assigning Ms Valdez to work at a machine she was not familiar, with and by not seeing to it that Ms Valdez was adequately trained, Huerta created a situation where she then berated Plaintiff for being to old and "unable" to do her job.

47. Ultimately, Ms. Valdez was fired at least in part because of her age. Due to her seniority at the plant she received higher pay and more PTO than did less senior and younger employees.

Wherefore, Plaintiff, respectfully requests that the Court enter a judgment against Defendants as follows:

    A. Declaring that Defendants have violated Plaintiff's right to be free from discrimination in employment because of age;

    B. Ordering Defendant to reinstate Ms. Valdez to her position with full salary and benefits;

    C. Awarding any actual monetary losses sustained by the Plaintiff as a direct result of the violations including past and future wages and benefits;

    D. Awarding any interest on the amount described in the items listed above,

    E. Prohibiting Defendant from taking any further retaliatory actions against her;

    F. Awarding compensatory damages for subjecting Plaintiff to humiliating and unwarranted treatment ;

    G. Awarding punitive damages to deter future harassment and discrimination on account of age.

    H. Awarding attorney's fees pursuant to 42. U.S.C. Section 1988;

I. Awarding costs incurred in filing and prosecuting this action; and

J. Providing such additional relief as this Court deems appropriate and just.

## Jury Demand

Plaintiffs hereby demand a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues so triable.

By:    /s/ Jorge Sanchez
          One of Plaintiff's attorneys.

Jorge Sanchez
Lopez & Sanchez
77 W. Washington, Suite 1313,
Chicago, IL 60602
jsanchez@lopezsanchezlaw.com
(312) 420-6784
ARDC# 6244796

Dated: October 26, 2022