UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIBEL VALDEZ, ) | |
| ) | |
| Plaintiff, ) | No. 1:22-CV-05916 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| THE JEL SERT CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

After working for the Jel Sert Company for over 25 years, Jel Sert fired Maribel Valdez after complaining about how her manager had treated her. R. 17, Am. Compl.[1] Valdez sued her former employer, alleging retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. Am. Compl. Valdez alleges that Jel Sert fired her because she reported her manager for rude and inappropriate conduct, and also that because of her age, she was reassigned to a job that she could not perform and had never received training for. *Id.*

Jel Sert now moves to dismiss the complaint, asserting that Valdez failed to plausibly allege either a retaliation claim or an age discrimination claim. R. 25, Def.'s Mot. As explained in this Opinion, Valdez sufficiently alleges—albeit barely—that

---

[1]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331.

Jel Sert retaliated against her for protected activity and also discriminated against her because of her age when the company set her up to fail in a new job.

## I. Background

In deciding a motion to dismiss, the Court accepts well-pleaded facts as true and draws all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In February 1996, Valdez began working at Jel Sert as a packer. Am. Compl. ¶¶ 4, 6. Seven years after starting at Jel Sert, Valdez was promoted to the position of Machine Operator. *Id.* ¶ 7. For several years, Valdez worked on one particular type of machine. *Id.* ¶ 9. Gloria Huerta, an employee whom Valdez had complained about, became her supervisor. *Id.*

In 2020, Huerta suddenly transferred Valdez—without explanation—to a new machine that she had not operated before. *Id.* ¶¶ 9, 25. Three separate times between August 2020 and September 2020, Valdez asked Huerta for training on the new machine and asked to be transferred back to the machine that she had operated before. *Id.* ¶ 26. Her requests were not well received. Huerta replied that Valdez "was old, and that maybe because of her age … was unable to perform her job the way that she should." *Id.* ¶ 27. Huerta kept Valdez at new machine, but still without training. *Id.* ¶¶ 28–29.

Moving back a few months, in July 2020, when Valdez was still new to operating the machine, manager Javier Melendez yelled at Valdez to "fix her own machine." Am. Compl. ¶ 10. But Valdez could not fix it because she still did not know how to operate it. *Id.* Valdez reported the incident with Melendez to Leticia Escobedo, who

2

was Jel Sert's Human Resources coordinator. *Id.* ¶ 12. Valdez explained to Escobedo that Melendez had been "rude" to her, yelled at her to fix her machine, and that he had previously made inappropriate comments to her. *Id.* ¶¶ 12–13. A few days later, Valdez met with more Human Resources personnel, again reporting the incident with Melendez. *Id.* ¶ 15. Valdez also gave the Human Resources staff the names of witnesses to the incident. *Id.* ¶ 17. Human Resources did not ask Valdez any follow-up questions or investigate the incidents any further. *Id.* ¶¶ 16, 21, 23.

The next day, still in July 2020, Huerta and Melendez were sitting together at a table. *Id.* ¶ 31. Valdez told Huerta that she had lodged a sexual harassment complaint against Melendez. *Id.* ¶ 32. After that conversation, Huerta allegedly began making the disparaging age-related comments and berating Valdez "for being old and 'unable' to do her job. *Id.* ¶¶ 33, 46.

Valdez was eventually fired, in September 2020. *Id.* ¶ 18. Human Resources personnel alleged that when Valdez had reported the incident with Melendez, she "attempted to pressure an unnamed co-worker to lie on her behalf against Melendez," so they let her go. *Id.* ¶ 19. But Valdez was never told who felt pressured or how Valdez had supposedly pressured them. *Id.* ¶ 22. Valdez also requested and reviewed her personnel file and found no records explaining why she was fired, the circumstances underlying the pressure she allegedly put on another employee, or any investigation into the matter. *Id.* ¶ 23.

In April 2021, Valdez filed a charge of discrimination with the Equal Employment Opportunity Commission against Jel Sert and she received a notice of right to

sue in July 2022. R. 40, EEOC Charge; R. 41, EEOC Right to Sue Letter. Then, in October 2022, Valdez sued Jel Sert, alleging that her former employer retaliated against her for reporting the harassment that she had experienced, and also discriminated against her because of her age. R. 1, Compl. ¶¶ 38–47.[2] Jel Sert now moves to dismiss, arguing that the Amended Complaint fails to plausibly plead that she opposed conduct that violates Title VII (as needed to engage in protected activity), that there is no causal connection between Valdez opposing the conduct and her discharge, and that Valdez did not sufficiently allege adverse treatment based on age. R. 26, Def.'s Br. at 1. Because Valdez's complaint narrowly crosses the line into plausibility on all three points, Jel Sert's motion to dismiss is denied.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).[3] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended

---

[2]Valdez filed an amended complaint in March 2023, naming the proper defendant. Because the amended complaint is operative and there are no other changes, the Court refers to the amended complaint in its analysis.

[3]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (cleaned up). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

### III. Analysis[4]

### A. Title VII Retaliation

Valdez claims that Jel Sert retaliated against her for complaining about harassment. She points to the short time between her internal complaint (the end of July 2020) and the firing (September 18, 2020). Am. Compl. ¶¶ 15, 18, 23, 38–42. Valdez further asserts that when she asked why she was fired, Jel Sert offered a pretextual explanation—that she supposedly pressured other employees into lying on her behalf about her interactions with Melendez. *Id.* ¶¶ 19–23, 40. Jel Sert challenges these

---

[4]The Court did not consider Exhibit A to Valdez's response, R. 30, Pl.'s Resp. at 3–20, in its analysis.

allegations by contending that Valdez did not plausibly allege that she opposed any conduct prohibited by Title VII (that is, she did not engage in protected activity). And even if she did, the company argues, Jel Sert's decision to fire her was not motivated by protected activity. Def.'s Br. at 4–5.[5]

Title VII forbids employment discrimination on the basis of sex and also bans retaliation for opposing sex discrimination (including reporting that it happened). It makes it "an unlawful employment practice for an employer to discriminate against any of [its] employees … to discriminate against any individual … because [they have] opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). This provision does not list or limit only certain kinds of retaliatory conduct and should "be construed to cover a broad range of employer conduct." *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 173 (2011) (citing *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 62 (2006)). It almost goes without saying that outright firing an employee in retaliation for opposing sex discrimination would violate the anti-retaliation provision. *See Burlington*, 548 U.S. at 64–65.

To successfully allege a claim for retaliation under Title VII, Valdez must sufficiently allege that she engaged in protected activity, she suffered an adverse

---

[5]Jel Sert argues that the entirety of Valdez's response brief should not be considered because it did not address the arguments in the motion to dismiss. R. 33 at 3–4. Jel Sert reasserts this argument in its supplemental reply, arguing that Valdez's supplemental-response brief is similarly insufficient. R. 42, Def.'s Supp. Reply at 2–8. It is true that Valdez's briefing is not the most full-throated response that could have been mustered. But the supplemental-response brief does cite specific allegations in the Amended Complaint, R. 39, Pl.'s Supp. Resp., in arguing that those allegations adequately state a claim.

employment action, and that there is a causal connection between the two. *See Alley v. Penguin Random House*, 62 F.4th 358, 361 (7th Cir. 2023). As noted earlier, a firing is as "adverse" an employment action that there can be, so that element is not in dispute. Jel Sert only challenges whether Valdez sufficiently alleged that she engaged in statutorily protected activity and that her firing was motivated by the protected activity.

Taking the allegations as true, and giving Valdez the benefit of reasonable inferences, Valdez sufficiently pleads that she engaged in protected activity when she complained about supervisor Melendez's harassment of her. Valdez need only allege that she had a "sincere and reasonable belief" that she was opposing an unlawful practice. *Hammer v. St. Vincent Hosp. & Health Care Ctr.*, 224 F.3d 701, 706–07 (7th Cir. 2000). Valdez need not go so far as alleging that Melendez did *in fact* engage in sexual harassment; what is needed is that she had an objectively reasonable belief that he did. *Id.* Her belief is considered objectively reasonable if the alleged harassment she experienced falls in the category of prohibited actions, and the Court need not consider the persistence or severity of the conduct. *Magyar v. St. Joseph Reg'l Med. Ctr.*, 544 F.3d 766, 771 (7th Cir. 2008).

It is true that Valdez is less than crystal clear in alleging that Melendez engaged in what she reasonably believed to be sexual harassment. In a bizarre turn of events, however, it is the alleged reaction of Jel Sert's human resources officials that gives rise to the inference that Valdez was reasonably complaining about sexual harassment. Valdez reported the harassment to Human Resources Coordinator

Escobedo, as well as other Human Resources personnel. Am. Compl. ¶¶ 11–15. In the lead up to the complaint, Valdez asked Melendez to help her fix her machine, and he "yelled" at her to fix her own machine even though she did not know how to. *Id.* ¶ 10. When she reported this to Escobedo, Valdez relayed other "inappropriate" comments Melendez made to her. *Id.* ¶ 13. The alleged response of Escobedo is crucial: "You have been sexually harassed this whole time!" *Id.* ¶ 13. So, although Valdez supplies little by way of content as to what she complained about, the reaction of the human resources official gives rise to the reasonable inference that Valdez complained about sexual harassment. All this presumably will be explored in discovery, but it is enough at the pleading stage (barely) to adequately allege that Valdez engaged in protected activity.

On the causal-connection element, the question is whether the complaint adequately alleges that Jel Sert's decision to fire her was motivated by Valdez's opposition to sexual harassment. *Elzeftawy v. Pernix Grp., Inc.*, 477 F. Supp. 3d 734, 771 (N.D. Ill. 2020). Generally, the combination of suspicious timing and other allegations may raise an inference of a causal connection. *Lalvani v. Cook Cnty.*, 269 F.3d 785, 790 (7th Cir. 2001); *see also Terry v. Gary Cmty. Sch. Corp.*, 910 F.3d 1000, 1008 (7th Cir. 2018) (explaining that when "there are reasonable, non-suspicious explanations for the timing" of the adverse employment action, proximity in time alone is not enough to support a retaliation claim) (cleaned up).

Valdez has alleged more than enough on causation to survive the dismissal motion. One key background fact is that Valdez worked at Jel Sert for over *25 years*

8

without incident. Am Compl. ¶¶ 6–7, 9. Then, after she complained about a manager harassing her, Human Resources did nothing to investigate the complaint. *Id.* ¶¶ 16, 21, 23. Instead, she was fired two months after the complaint for allegedly "pressuring" other employees to lie on her behalf, even though she says (and she must be credited at this stage) that she did not and her personnel file reveals no evidence of intimidation (or even an investigation into it). *Id.* ¶ 23. Based on all these circumstances, the reasonable inference is that Valdez was fired because she complained about Melendez. The retaliation claim survives the motion to dismiss.

### B. Age Discrimination and Hostile Work Environment

Valdez next asserts that Jel Sert discriminated against her because of her age when Huerta transferred Valdez to a new machine, did not provide requested training on the machine, and made disparaging comments about Valdez's age. Am. Compl. ¶¶ 9, 25–29, 33, 43–46. Valdez also alleges that she was fired "at least in part because of her age." *Id.* ¶ 47. She seems to connect that accusation with "her seniority at the plant" and her "higher pay." *Id.* In response, Jel Sert argues that job reassignments, without more, are not actionable, and that Valdez does not adequately allege harassment that was severe or pervasive enough to support a hostile work environment claim. Def.'s Br. at 10–12. Jel Sert also contends that a claim for age-based firing cannot be premised simply on the fact that she earned a higher salary. *Id.* at 13–14.

The ADEA protects workers who are at least 40 years old from age-based employment discrimination. 29 U.S.C. §§ 623(a)(1), 631(a). On the whole, the same overall analysis applies to discrimination claims under Title VII and the ADEA. *See David*

9

*v. Bd. of Trs. of Cmty. Coll. Dist. No. 508,* 846 F.3d 216, 225 (7th Cir. 2017); *Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 766 (7th Cir. 2016). Valdez appears to allege two theories of age discrimination: disparate treatment and hostile work environment.

As a threshold matter, Jel Sert initially argued that Valdez failed to exhaust administrative remedies with the EEOC before filing the ADEA claim. Def.'s Br. at 8–9; R. 17-1, Am. Compl. Exh. A. But eventually Valdez filed the EEOC charge and obtained Right to Sue Letter, and filed them on the docket. *See* EEOC Right to Sue Letter. Jel Sert said that it would conditionally withdraw the exhaustion argument if the Court accepted Valdez's late filing of the Right to Sue Letter. Def.'s Supp. Reply at 1. Given that exhaustion is an affirmative defense that Valdez need not plead around, the Court accepts the filing and rejects the exhaustion defense.

### 1. Disparate Treatment

Turning to the merits, to survive the challenge to the disparate-treatment claim, Valdez must sufficiently allege that her age caused the adverse employment action. *Carson v. Lake Cnty., Indiana*, 865 F.3d 526, 532 (7th Cir. 2017). The complaint readily satisfies this standard. Valdez alleges that after more than 25 years of satisfactorily working on one machine, Huerta transferred her to a new machine but gave her no training on its operation. Am. Compl. ¶¶ 6, 9, 25, 29, 45. Worse, when Valdez requested training, she was the target of three disparaging comments from her supervisor about her age within a single month. *Id.* ¶ 26. And her personnel file had no criticisms about any poor performance. *Id.* ¶¶ 23, 25. Then, despite her long work history with Jel Sert, Valdez was fired shortly after she complained about her

10

supervisor. *Id.* ¶¶ 18–23. These allegations give rise to the reasonable inference that Valdez was transferred to the new machine to set her up to fail, and that Huerta did all of that based on Valdez's age.

Having said that, Jel Sert is right that one aspect of the discrimination claim cannot be relied on by Valdez. The mere fact that Valdez received higher pay than younger employees does not raise an inference of age animus. The Supreme Court has explained that making an employment decision that may *correlate* with age—but not be *caused* by age—like higher salary, does not violate the ADEA. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609, 611 (1993). Even if it turns out to be true that "[d]ue to her seniority at the plant she received higher pay and more [paid time off] than did less senior and younger employees," Am. Compl. ¶ 47, a decision to fire someone on the basis of higher pay does not amount to age discrimination.

## 2. Hostile Work Environment

Valdez also alleges a claim for hostile work environment, and this claim too survives—but just barely. To advance this claim, Valdez must adequately allege that "(1) she was subject to unwelcome harassment; (2) the harassment was based" on her age; "(3) the harassment was so severe or pervasive, both subjectively and objectively, so as to alter the conditions of employment and create a hostile or abusive atmosphere; and (4) there is a basis for employer liability." *Brooks v. Avancez*, 39 F.4th 424, 441 7th Cir. 2022) (laying out a hostile work environment claim in the ADEA context). To determine whether conduct is sufficiently severe or pervasive to be actionable under the ADEA, courts consider the totality of circumstances, including "the frequency

11

of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Jel Sert argues that Valdez has presented only to a single allegation to describe the purported hostile environment: just one age-based comment made to Valdez. Def.'s Br. at 12. In response, Valdez points to the sudden and unexplained transfer to a new machine that she did not know how to use, the refusal to give her training, and that she endured more than just one age-disparaging comment. Pl.'s Supp. Resp. at 3; Am Compl. ¶¶ 24–30, 33. True, the allegations do not describe months and months of harassment. But that is not necessary to plausibly allege a claim for hostile work environment. Instead, it is enough (though barely) to allege that Jel Sert initiated a campaign to set her up to fail and to lose a job in which she worked for a quarter of a century. Jel Sert switched her to a new machine that she did not know how to use, she was taunted by her supervisor as "old" when she tried to learn to use the machine, and they refused to train her, all of which interfered with her work performance. Though it is a close call, and Valdez will need to offer evidence later at the summary judgment stage, the hostile-environment claim survives Jel Sert's motion to dismiss.

### C. Disability Discrimination and Union Activity

Finally, Jel Sert points out that the first paragraph of the Amended Complaint bizarrely alleges that Valdez was the target of "retaliation due to her disability and her participation in protected union activity." Am. Compl. ¶ 1; Def.'s Br. at 13–14.

Not one more word is mentioned in the Amended Complaint about disability or union activity. Valdez does not allege any facts to support these claims, nor does she address Jel Sert's argument in any of her response briefs. To the extent that Valdez raises those claims, they are dismissed. *E.g.*, *G&S Holdings LLC v. Continental Cas. Co.*, 697 F.3d 534, 538 (7th Cir. 2012) (holding that failure to make an argument in response to a dismissal motion can amount to waiver). Maybe those first-paragraph references were a typo of some sort. No matter what, it would have been infinitely more professional and courteous for Valdez's counsel to just concede the dismissal of those claims in the response briefs, rather than not address them at all and force defense counsel and the Court to read, and re-read, and re-read again the responses—and then do a word search for "union" and "disability" to ensure that the Court was not missing something.

## IV. Conclusion

The motion to dismiss, R. 25, is denied: the retaliation claim, the disparate-treatment claim based on age, and the hostile-environment claim based on age are intact. Jel Sert shall answer the Amended Complaint by April 15, 2025. The parties shall confer and file a proposed discovery schedule (using the template for a joint initial status report, R. 4-1) by April 18, 2025.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 30, 2025